UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MALOY,

    Petitioner,

v.

JOSIE GASTELO, Acting Warden,[1]

    Respondent.

Case No. 16-cv-01372-DMR (PR)

**ORDER OF TRANSFER**

Petitioner, a state prisoner who is incarcerated at the California Men's Colony ("CMC"), has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction obtained in the Los Angeles County Superior Court. Dkt. 1. He has paid the full filing fee. *Id.*

On April 4, 2016, the Clerk of the Court informed Petitioner that this action has been assigned to the undersigned Magistrate Judge. Dkt. 2. On April 11, 2016, Petitioner declined magistrate judge jurisdiction. Dkt. 3.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal.

---

[1] Josie Gastelo, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Los Angeles County Superior Court, which is within the venue of the Western Division of the Central District of California. *See* 28 U.S.C. § 84(c). CMC, the place of Petitioner's confinement, is in San Luis Obispo County, which is also located in the Western Division of the Central District of California. *Id*. Therefore, the Western Division of the United States District Court for the Central District of California has jurisdiction over this matter.

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the Western Division of the United States District Court for the Central District of California. Even though Petitioner has declined magistrate judge jurisdiction, venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). Therefore, the Clerk shall transfer the case forthwith.

All remaining pending motions are TERMINATED on this court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: April 18, 2016

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MALOY,

          Plaintiff,

   v.

J. SOTO,

          Defendant.

Case No. 4:16-cv-01372-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James  Maloy
H-97093
CSP LAC B3-224
PO Box 4490
Lancaster, CA 93539

Dated: April 18, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

3